# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIAN JENNINGS, | ) | 1:10cv0928 AWI DLB |
| | ) | |
| Plaintiff, | ) | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | ) | |
| COUNTY OF FRESNO, et al., | ) | (Doc. 1) |
| | ) | RESPONSE DUE WITHIN THIRTY DAYS |
| Defendants. | ) | |

Plaintiff Brian Jennings ("Plaintiff"), proceeding pro se and informa pauperis, filed this civil rights action on May 24, 2010. He names the County of Fresno, Fresno County Sheriff Margaret Mims, Officer Livingston and Officer Harrow as Defendants.

**DISCUSSION**

A.    Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.  Plaintiff's Allegations

Plaintiff alleges that he was sentenced to serve time in the Fresno County Jail for a probation violation on April 28, 2008.  On or about May 24, 2008, while serving his sentence, he was assaulted by Officer Livingston.  Officer Livingston reportedly threw Plaintiff into a steel door, causing a severe facial laceration and semi-loss of consciousness.  Officer Harrow then jumped on Plaintiff's neck and arm.

Plaintiff also alleges that Defendants County of Fresno and Sheriff Mims are liable for the acts of the defendant officers.  Plaintiff claims that defendants were carrying out an official policy or de facto custom that the occasional use of excessive force upon jail inmates is acceptable.

Plaintiff asserts violations of the Fourth, Eighth and Fourteenth Amendments for use of excessive force.  He seeks general and punitive damages.

C.  Analysis

1.  Excessive Force Claims

Plaintiff appears to assert an excessive force claim in violation of both the Fourth and Eighth Amendments.  However, the Ninth Circuit has stated that the "Fourth Amendment sets the applicable constitutional limitations on the treatment of an arrestee detained without a warrant up until the time such arrestee is released or found to be legally in custody based upon probable cause for arrest."  Pierce v. Multnomah County, Or., 76 F.3d 1032, 1043 (9th Cir. 1996).  Here, Plaintiff alleges that he was sentenced and serving time when the incident occurred.  Thus, the Fourth Amendment is inapplicable to his excessive force claim.

Rather, Plaintiff properly asserts a violation of the Eighth Amendment prohibition on excessive force.  The Eighth Amendment's prohibition against cruel and unusual punishment

protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). "When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). Plaintiff's complaint appears to state a cognizable claim pursuant to 42 U.S.C. § 1983 as to Defendants Livingston and Harrow for alleged use of excessive force in violation of the Eighth Amendment.

### 2. Fourteenth Amendment Due Process Claim

Plaintiff alleges a claim for relief for violation of due process under the Fourteenth Amendment. However, after conviction, the Eighth Amendment is the primary source of protection where the deliberate use of force is challenged as excessive. Graham, 490 U.S. at 395 n.10. Any protection that substantive due process provides against excessive force is "at best redundant of that provided by the Eighth Amendment." Id. Accordingly, Plaintiff's due process claims are appropriately addressed under the Eighth Amendment.

### 3. Defendant Fresno County

Plaintiff also seeks to impose liability on Defendant County of Fresno. A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the

constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omission would likely result in a constitutional violation." Id.

Here, Plaintiff alleges that the County acted with deliberate indifference and that the County carried out an official policy or de facto custom that the occasional use of excessive force upon jail inmates is acceptable. Plaintiff appears to state a cognizable claim against the County of Fresno.

    4.    <u>Defendant Mims</u>

Plaintiff also seeks to impose liability on Sheriff Mims. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See <u>Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)</u>; <u>Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979)</u>. To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)</u> (internal citations omitted); <u>Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)</u>.

Plaintiff alleges that Defendant Mims was aware of the violations and implemented an official policy or de facto custom that the occasional use of excessive force upon jail inmates is acceptable. Thus, he appears to state a cognizable claim against Defendant Mims.

    5.    <u>Defendant Chapman</u>

In his allegations, Plaintiff references a person named "Chapman." However, Plaintiff did not name Chapman as a Defendant and has failed to link him or her with an alleged deprivation of his rights. The Ninth Circuit has held that "[a] person 'subjects' another to the

4

deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Thus, the requisite causal connection can be established not only by some kind of direct personal participation, but also by setting in motion a series of acts by another which the actor knows or reasonably should know would cause others to inflict the constitutional injury. Id. This standard of causation "...closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. International Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff has not linked Defendant Chapman with any alleged deprivation. The Court will provide Plaintiff with the opportunity to file an amended complaint curing this deficiency

      6.    Doe Defendants

Plaintiff names as defendants Does 1-50. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for Doe defendants. For service to be successful, the Marshal must be able to identify and locate defendants.

**CONCLUSION AND ORDER**

The Court finds that Plaintiff's complaint state a cognizable claim for excessive force under the Eighth Amendment against defendants Livingston and Harrow. The complaint also states cognizable claims against the County and Sheriff Mims. However, Plaintiff fails to state any other claims upon which relief can be granted under section 1983 against any of the defendants.

Plaintiff shall be required to either file an amended complaint, or notify the court of his willingness to proceed only on the claims found cognizable. Should Plaintiff choose to proceed only on the cognizable claims, the court will begin the process to initiate service upon defendants by the United States Marshal.

1  Under Rule 15(a) of the Federal Rules of Civil Procedure, courts "should freely give
2 leave [to amend] when justice so requires."  The court will provide Plaintiff with time to file an
3 amended complaint curing the deficiencies identified above should he wish to do so.  Plaintiff is
4 granted leave to file an amended complaint within thirty days.

5  Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete
6 in itself without reference to any prior pleading.  As a general rule, an amended complaint
7 supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an
8 amended complaint is filed, the original complaint no longer serves any function in the case.
9 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
10 of each defendant must be sufficiently alleged.  The amended complaint should be clearly and
11 boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original
12 signed under penalty of perjury.

13  Based on the foregoing, it is HEREBY ORDERED that:
14  1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall
15   either:
16   (1) File an amended complaint, or
17   (2) Notify the court in writing that he does not wish to file an amended
18    complaint and is instead willing to proceed only on the cognizable claims;
19  2. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the
20   amended complaint "First Amended Complaint" and refer to the case number
21   1:10-cv-0928-AWI-DLB; and
22  3. If Plaintiff fails to comply with this order, this action will be dismissed for failure
23   to state a claim upon which relief may be granted.
24   IT IS SO ORDERED.

25  Dated:   **December 7, 2010**           /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE