# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIAN JENNINGS, | ) | 1:10cv0928 AWI DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| COUNTY OF FRESNO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Brian Jennings ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed this civil rights action on May 24, 2010. He named the County of Fresno, Fresno County Sheriff Margaret Mims, Officer Livingston and Officer Harrow as Defendants.

On December 8, 2010, the Court issued an order requiring Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on those claims found to be cognizable. The Court ordered Plaintiff to either file an amended complaint or notify the court in writing that he did not wish to file an amended complaint and was instead willing to proceed only on the cognizable claims. Plaintiff was granted thirty (30) days from service to respond to the Court's order. More than thirty (30) days have passed since Plaintiff was served with the Court's order. To date, Plaintiff has failed to file either an amended complaint or a written notification that he is willing to proceed only on the cognizable claims.

For the reasons discussed below, the Court recommends that this action be dismissed for failure to follow a Court order and failure to prosecute this matter.

**DISCUSSION**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This case has been pending since May 24, 2010. Plaintiff has been given an opportunity either to correct the deficiencies in his complaint or to proceed on the claims that the Court found cognizable.

However, Plaintiff has made no effort to respond to the Court.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's December 8, 2010, order requiring Plaintiff to file a response or an amended complaint expressly stated: "If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted."  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for failure to follow a court order and failure to prosecute this action.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 20, 2011**                    /s/ Dennis L. Beck
                                                           UNITED STATES MAGISTRATE JUDGE